UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

ROMERO THOMAS,

    Plaintiff,                        Civil Action No. 14-13107
                                      Honorable Nancy G. Edmunds
v.                                      Magistrate Judge Elizabeth A. Stafford

KIMBERLY F. MILES, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION
TO *SUA SPONTE* DISMISS THE ACTION**

**I.    INTRODUCTION**

On August 12, 2014, Plaintiff Romero Thomas filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Wayne County prosecutor Kimberly F. Miles, Detroit police officer Paul Pesmark, Dollar General Corporation, and Dollar General employees Tanisha A. Watkins and Brittani Brown ("Defendants"), alleging they conspired to maliciously prosecute him in violation of his Fourteenth Amendment right to due process and in violation of Michigan law. [1]. The Honorable Nancy G. Edmunds referred this action to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). For the following reasons, the Court **RECOMMENDS** that Thomas's federal due process

claims be *sua sponte* **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B) for failing to state a claim on which relief may be granted, and that the Court decline to exercise supplemental jurisdiction over Thomas's state law claims and **DISMISS** them **WITHOUT PREJUDICE**.[1]

## II.   DISCUSSION

### 1.   Background

This action is based on a state court criminal prosecution of Thomas which arose from a robbery that occurred on September 27, 2013.  [1; 13, Pg ID 51-55].  Thomas was charged with two counts of armed robbery, a felony firearms charge, and an assault with a dangerous weapon ("AWDW") charge.  [13, Pg ID 51].  Following a jury trial in March 2014, Thomas was convicted on the two armed robbery counts and the felony firearm count, but he was acquitted of AWDW.  [*Id.,* Pg ID 53].

On August 12, 2014, Thomas filed this action, alleging that Defendants violated his federal due process rights by conspiring to maliciously prosecute him on the AWDW charge and by withholding an alleged exculpatory video from the trial judge regarding the AWDW charge.

---

[1] On November 14, 2014, Thomas mailed a letter to the Court requesting that his complaint be dismissed without prejudice. [13, Pg. ID 47]. However, Thomas later filed a motion to extend the time to respond to Defendants' answer. [22]. Since Thomas's intentions are unclear, this Court's recommendation to dismiss is based upon the substance of the complaint rather than on Thomas's November 14 letter.

[1, Pg ID 6-9]. As further support for the malicious prosecution claim, Thomas alleges that Brown falsely reported to the Detroit Police that he pointed a rifle at a victim during the September 27 robbery, and that the other Defendants furthered the conspiracy by presenting the alleged false testimony at trial in an effort to convict him of AWDW. [*Id.*]. Thomas also alleges claims arising under state law, including common law malicious prosecution.

## 2. Standard of Review

Thomas is proceeding *in forma pauperis*, [3], which means the Court has an affirmative duty to dismiss at any time in which it appears that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the statement of the claim must be plausible. Indeed, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legal conclusions need not be accepted as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency

granted to pro se [litigants] ... is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Indeed, such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

### 3. Analysis

Thomas brings his malicious prosecution claim under the Fourteenth Amendment. However, the Supreme Court has held that "the Fourteenth Amendment's Due Process Clause 'may not give rise to a federal constitutional malicious prosecution claim.'" *Dye v. City of Roseville*, No. 14-11252, 2014 WL 7184460, at *8 n. 1 (E.D. Mich. Dec. 16, 2014) (quoting *Albright v. Oliver,* 510 U.S. 266, 275 (1994)). Rather, the Fourth Amendment, which governs "deprivations of liberty that go hand in hand with criminal prosecutions ... must be the guide for analyzing [malicious prosecution] claims." *Id.* (quoting *Albright*, 510 U.S. at 273-74); *see also Spurlock v. Satterfield,* 167 F.3d 995, 1005-07 (6th Cir. 1999) (finding that malicious prosecution of an individual without probable cause violates Fourth Amendment rights). Accordingly, Thomas's malicious prosecution claim under the Fourteenth Amendment fails as a matter of law. *Albright*, 510 U.S. at 275; *Dye*, 2014 WL 7184460 at *8.

However, because Thomas is proceeding *pro se*, the Court will

5

construe the complaint liberally to include a malicious prosecution claim under the Fourth Amendment. See Thomas, 481 F.3d at 437. To succeed on a § 1983 malicious prosecution claim under the Fourth Amendment, the Sixth Circuit requires a plaintiff to establish that: (1) a criminal prosecution was initiated against him, and the defendants made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) he suffered a deprivation of liberty as a result of the prosecution apart from the initial seizure; and (4) the criminal proceeding was resolved in his favor. Sykes v. Anderson, 625 F.3d 294, 308-09 (6th Cir. 2010).

    With respect to the fourth element, the Third Circuit has held that a criminal proceeding is not resolved in a defendant's favor when he is convicted of charges that arise out of the same course of conduct as the acquitted charge for which he is claiming malicious prosecution. "When the circumstances—both the offenses as stated in the statute and the underlying facts of the case—indicate that the judgment as a whole does not reflect the plaintiff's innocence, then the plaintiff fails to establish the favorable termination element." Kossler v. Crisanti, 564 F.3d 181, 188 (3d

Cir. 2009) (en banc).[2]  *See also Fedie v. Livingston Cnty.*, No. 09-10417, 2009 WL 2351765, at *3 (E.D. Mich. July 29, 2009) (same).

Here, inasmuch as a jury found beyond a reasonable doubt that Thomas used a firearm while committing an armed robbery during the same incident that led to his AWDW charge, he has no plausible claim that the prosecution lacked probable cause for his arrest or that he suffered any deprivation of liberty as a result of the alleged malicious prosecution on the AWDW charge.[3]  Additionally, Thomas cannot show that the criminal proceeding was resolved in his favor since the judgment does not reflect his innocence.  For these reasons, Thomas fails to state a § 1983 malicious prosecution claim on which relief may be granted.

The complaint also fails to state a *Brady*-based § 1983 due process claim under the Fourteenth Amendment.  Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the

---

[2] *But see Janetka v. Dabe*, 892 F.2d 187, 190 (2d Cir. 1989) (defendant could proceed with malicious prosecution claim when acquitted charge and convicted count involved distinct offenses with different elements, and different alleged victims).

[3] Notably, Thomas does not allege that he suffered a loss of liberty as a result of the alleged malicious prosecution. The only injury he alleges is that he lost his job after being placed on medical leave as a result of being shot "during an assassination attempt on [his] life August 20, 2013." [1, Pg ID 10].  Thomas fails to explain how an unrelated shooting, which occurred a month before the underlying robbery, is relevant.

evidence is material either to guilt or to punishment." Even assuming that Defendants were required to turn over exculpatory evidence and failed to do so, Thomas cannot succeed on a *Brady* claim, because he was found not guilty of AWDW.

"One of the components of any *Brady* claim is that 'prejudice must have ensued' from the government's nondisclosure of exculpatory evidence." *Offineer v. Kelly*, 454 Fed. Appx. 407, 419 (6th Cir. 2011) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). Thomas's acquittal on the AWDW charge means any *Brady* violation was not prejudicial, and therefore not actionable. *Id.* Thus, the complaint fails to state a Fourteenth Amendment due process claim on which relief may be granted.

The complaint contains no constitutional claim or claim arising under federal law on which relief can be granted. Thomas's remaining claims are based on violations of state law. Where all federal claims are dismissed and claims under state law remain, the Court must determine whether to exercise supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367. *See Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892-93 (6th Cir. 1998). Under §1367(c)(3), the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. *Musson*

8

*Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims."). Here, there is no reason to retain supplemental jurisdiction over Thomas's state law claims.

### III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Thomas's federal due process claims be *sua sponte* **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B) for failing to state a claim on which relief may be granted, and that the Court decline to exercise supplemental jurisdiction over Thomas's state law claims and **DISMISS** them **WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 2, 2015

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

    Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 2, 2015.

                                          s/Marlena Williams
                                          MARLENA WILLIAMS
                                          Case Manager